In the Matter of ISRAEL MARKOWITZ, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, November 16, 1967.

*John G. Bonomi* of counsel (*Arthur J. Cooperman* with him on the brief), for petitioner.

*Israel Markowitz,* respondent in person.

*Per Curiam.* The respondent was admitted to the Bar in the First Department on October 5, 1926. In prior disciplinary proceedings duly instituted against him, it was found that he had been guilty of the misappropriation of escrow funds and, by order of this court, entered May 29, 1950, it was directed that he be suspended from the practice of law for a period of six months and until further order of this court (*Matter of Markowitz,* 277 App. Div. 38). The respondent has never been reinstated nor has he ever applied for reinstatement.

In the present proceeding instituted by The Association of the Bar of the City of New York, the charges were (1) that the

respondent had violated the order suspending him from the practice of law and had engaged in the unlawful practice of law in that in 1964 and 1966 he had represented the sellers, as clients, in two real estate or purchase and sale transactions; (2) that in 1964 the respondent converted to his own use the sum of $2,500 (established as the sum of $2,000 instead of $2,500) deposited with him in escrow pending the closing of title on a purchase and sale transaction; (3) that in 1966 the respondent had converted to his own use the sum of $2,800 deposited with him in escrow pending the closing of title on a real estate transaction; (4) that the respondent between September 1, 1965 and June 30, 1966, had issued eight worthless checks including six against a special account; and (5) that the respondent had unreasonably failed to co-operate with the petitioner's Committee on Grievances in that he failed to respond to several letters written to him and in that he failed to appear for a scheduled interview by the said committee. The charges were fully sustained by the proofs, although in mitigation it appears that the respondent in October, 1966, did repay in full the escrow funds converted by him; and, also, it appears that although five or six of the checks were drawn against an insufficient bank account, the bank did honor the same when presented, charging the respondent with an overdraft.

The Referee's report, finding that the charges were established, should in all respects be confirmed. The engaging by the respondent in the unlawful practice of law in violation of an order of this court suspending him from practice and the conversion by respondent of clients' funds demonstrate such a deficiency in character and fitness and such an indifference to the standards required of members of the Bar as to require his disbarment. (See *Matter of Reape,* 27 A D 2d 275; *Matter of O'Doherty,* 14 A D 2d 4, 9, affd. 11 N Y 2d 1028, citing cases; *Matter of Berkson,* 282 App. Div. 265; *Matter of Brodsky,* 271 App. Div. 669.) The respondent should be disbarred.

Stevens, J. P., Eager, Steuer, Rabin and McNally, JJ., concur.

Respondent disbarred.